

**THE LAW OFFICE OF**

# ELISA HYMAN, P.C.

June 12, 2023

*VIA ECF*
The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> The Court appreciates the update from counsel. The request for an extension of time until July 10, 2023 to propose a more definite and specific case management plan and schedule is granted.
>
> SO ORDERED:
>
> 6/13/2023
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

    Re:  *M.W. et al., v. New York City Department of Education, et al.,*
          1:19-cv-00779 (SHS) (RWL)

Dear Magistrate Judge Lehrburger:

I am writing jointly on behalf of both parties to request until July 10, 2023, to submit a litigation plan and file a Case Management Plan ("CMP").

<u>Plaintiffs' Accounting of the Students Provided to the Defendants</u>

The parties have been working toward a plan that will narrow the scope of the case. As per our last letter, Plaintiffs have identified the following groups of Plaintiffs: (a) students we believe that we can dismiss without prejudice whose substantive issues have been or will be resolved in a hearing and/or whose fee claim might be resolved outside of the litigation (for now)[1]; (b) students whose cases have already been settled who need to be formally dismissed from the action; (c) parents and/or students who have substantive issues and/or attorney's fees claims that accrued within a certain timeframe as of the date of the amended complaint and must be settled or litigated in this case and concerning which discovery would be pursued if the issues are not resolved; (d) systemic issues and any individual issues that cannot be settled and concerning which discovery would be pursued.

Last week, Plaintiffs provided Defendants with the following: (a) a proposed model stipulation for four Plaintiffs whose cases have already been settled who need to be formally dismissed from the action (Group 1); and (b) a proposed model stipulation for six Plaintiffs we believe that we can dismiss without prejudice whose substantive issues have been or will be resolved in a hearing and/or whose fee claim might be resolved outside of the litigation ("Group 2"). We also sent a list of eleven Plaintiff parents and twelve individual plaintiffs for whom we can group together who all but one attend Manhattan Children's Center and/or Manhattan Behavior Center and who have underlying fee claims and/or small implementation issues that must be addressed through the litigation due to statute of limitations concern ("Group 3"). As to their substantive pendency

---

[1] During these conversations, part of the discussion has focused on trying to narrow the scope of the attorneys' fee claims that will be negotiated in this case. After meeting and conferring, we believe a potential carve out is possible with regard to attorneys' fees for certain of the Plaintiffs.

1115 BROADWAY, 12TH FL.       42 WEST 24th STREET, 2ND FLOOR
NEW YORK, NY 10010      NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

issues, they all share two commonalities: (a) ensuring timely payments to MCC and MBC so as to avoid interruption of services; and (b) an agreement as to how individual hearings can proceed relative to pendency implementation.

Plaintiffs have advised Defendants that the above proposal for Groups 2 and 3 can only be considered by Plaintiffs if Defendants will agree, as a condition of settlement, to waive an argument at any hearing that Plaintiffs are not entitled to compensatory pendency services simply because they accepted a private provider when the DOE was unable to implement pendency. If that provision is not going to be agreed to, then some of the plaintiffs will not be able to proceed in this fashion. Plaintiffs propose that threshold issue needs to be addressed before we can agree to start focusing on narrowing the plaintiffs who will proceed.

Group 4 consist of a mix of 8 plaintiffs. Plaintiffs contend that at least three of them have ongoing individual pendency issues and will continue to raise systemic claims. One of the plaintiffs has a claim on appeal and the DOE has refused to settle the case, so we anticipate that will have to proceed. Further, Plaintiffs may need to take emergency action in 2023-24 regarding pendency for those students.

There are five others that have unique issues that are outstanding. One of the students in this group who has some small compensatory claims for pendency, a pending appeal, and prior fee claims. However, as this plaintiff is not likely to have ongoing pendency issues, we would like to agree settle that case. We have two other students who were represented by one of our lawyers who is leaving to start her own firm. One of them has been re-filed but has not had their pendency implemented yet, and the other case is about to be filed by that attorney. We need to ensure that their pendency is implemented for the 2022-2023 school year and, thereafter, we can either try to settle their outstanding attorney's fees issues or try to place them in group (b) above. Another student in this group has a case that can be settled, and we are already in the process of settling their fee claims but reached an impasse on one of them. We have proposed a next step to Defendants counsel today. The final Plaintiffs is a severely autistic child who has an order for ABA and related services under pendency. Plaintiffs' counsel is in the process of discussing next steps with the client. Again, if we wanted to carve this student out, we would need Defendants to agree - as a threshold matter - that they will not raise use of a private provider for any services as a defense to pendency implementation.

Defendants, after receiving this accounting last week from the Plaintiffs, have conveyed that they are reviewing Plaintiffs' proposal and claims with respect to each student, including those as described herein.

<u>Settlement Discussions</u>

As the above illustrates, the parties are making progress, but have some details we need to try to resolve, as well as the threshold issue of how many of the Plaintiffs in group 2 and 3 can be settled. As such, we propose that the parties have an extension of time until July 10, 2023, by which time the Parties will know whether they can find an agreement on these students or whether the ones that have outstanding issues will have to be addressed in a TRO/PI for the 2023-2024 school year issues.

We are asking for four weeks because (a) Erin O'Connor's sister passed away last week and she will not be back until the following week; (b) Ms. Hyman is having surgery the following week on June 20, 2023; and (c) Mr. Cullen has injured his knee and is awaiting the results of tests to determine whether surgery is needed. However, we think that by July 10, 2023, we will be able to execute and file a stipulation for Group 1 students, and we will have an answers about the threshold issue and any other items in the proposed stipulation for Groups 2 and 3. This will also give us time to try to clarify the next steps for the remaining five plaintiffs in Group 4.

    We thank the Court for its attention to and assistance with this matter.

Sincerely,

/s/

_____

Elisa Hyman, Esq.
*Counsel for the Plaintiffs*

cc:    Counsel of Record